## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **OCEAN TOMO LLC, AN ILLINOIS LIMITED LIABILITY COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | Civil Action No. |
| **v.** | ) ) ) | |
| **SIMON PROPERTY GROUP (DELAWARE), INC. A DELAWARE CORPORATION,** | ) ) ) ) | 07CV0730 |
| **WILDCARD SYSTEMS, INC. A FLORIDA CORPORATION,** | ) ) ) ) | JUDGE GUZMAN MAG.JUDGE DENLOW |
| **FSV PAYMENT SYSTEMS, INC., A TEXAS CORPORATION,** | ) ) ) | |
| **MBC DIRECT LLC, A GEORGIA CORPORATION,** | ) ) ) | |
| **GREEN DOT CORPORATION, A DELAWARE CORPORATION,** | ) ) ) | FILED |
| **ONE GLOBAL FINANCE, INC., A UTAH CORPORATION,** | ) ) ) | FEB 0 6 2007 *rq* Feb. 6, 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| **AND** | ) ) | |
| **TRANSCEND LLC, AN OHIO CORPORATION,** | ) ) | |
| **Defendants.** | ) ) | |

JH

### DEFENDANT TRANSCEND, LLC's
### NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Transcend, LLC, by and through its attorneys, Fitch Even Tabin &
Flannery, hereby notices the removal of the above-captioned action from the Circuit

Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, representing as follows:

1.     The above-captioned action was commenced by filing a summons and complaint on or about December 21, 2006, in the Circuit Court of Cook County, Illinois No. 06 L 13322.

2.     A copy of the summons and complaint was served upon Defendant Transcend, LLC on January 8, 2007. Transcend, LLC does not know when or if the summons and complaint were served on the other six named Defendants, but notes some information to that effect appears in the Court's docket, attached hereto as Exhibit B.

3.     The complaint alleges breach of contract between Plaintiff and each of the seven Defendants. The complaint also alleges a right to recover under *quantum meruit* from each of the Defendants.

4.     Plaintiff, Ocean Tomo LLC, alleges that it is an Illinois corporation with its principal place of business in Chicago, Illinois. The Defendants are alleged to be corporations[1] and, as alleged in the complaint, the Defendants' principal places of business are in states other than Illinois and their respective states of incorporation are in states other than Illinois. The complaint seeks to recover $159,052.39 in damages, exclusive of attorney fees, interest and costs.

5.     This Court has jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction in the federal courts of the United States of all civil actions where there is diversity of citizenship between Plaintiff and all

---

[1] Defendant Transcend, LLC is a limited liability company organized under the laws of the State of Ohio, not an Ohio corporation, as alleged in the complaint. This makes no difference to the diversity jurisdiction underlying this removal notice.

2

Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Only the summons, complaint and return of service indicia have been filed in this action to date. A true and correct copy of the summons and complaint is attached hereto as Exhibit A, and a printout of the docket of the underlying action in the Circuit Court of Cook County, Illinois is attached hereto as Exhibit B.

7.     Notice of removal will be or has been provided promptly to Plaintiff, the other Defendants, and the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. 1446(d).

WHEREFORE, Defendant Transcend, LLC respectfully request that this Court remove the above-captioned action pending in the Circuit Court of Cook County, Illinois, No. 06 L 13322, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: February 6, 2007

Charles C. Kinne
Fitch, Even, Tabin & Flannery
120 South LaSalle Street
Suite 1600
Chicago, Illinois 60603-3406
Tel:  (312) 577-7000
Fax:  (312) 577-7007


*Attorney for Defendant Transcend, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT TRANSCEND, LLC's NOTICE OF REMOVAL OF CIVIL ACTION was served by first class mail upon the following:

David Richardson
Nery & Richardson LLC
4258 W. 63rd Street
Chicago, Illinois 60629
(773) 582-7000

Clerk of the Circuit Court
of Cook County
Richard J. Daley Center
50 West Washington Street
Suite 801
Chicago, IL 60602

this 6th day of February 2007.

*Attorney for Defendant Transcend, LLC*

4

Ex. A

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)

OCEAN TOMO, LLC
_____

v.

TRANSCEND, LLC, et al
_____

No. _____

c/o CT Corporation
208 S. LaSalle St., Suite 814
Chicago, Illinois 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DEC 21

WITNESS, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Atty. No.: 42859
Name: David Richardson (Nery & Richardson LLC)
Atty. for: Plaintiff Ocean Tomo, LLC
Address: 4258 W. 63rd St.
City/State/Zip: Chicago, Illinois 60629
Telephone: (773) 582-7000

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| OCEAN TOMO LLC, an Illinois limited liability company, )<br><br>Plaintiff, )<br><br>v. )<br><br>SIMON PROPERTY GROUP (DELAWARE), INC. a Delaware corporation, )<br><br>WILDCARD SYSTEMS, INC., a Florida corporation, )<br><br>FSV PAYMENT SYSTEMS, INC., a Texas corporation, )<br><br>MBC DIRECT LLC, a Georgia corporation, )<br><br>GREEN DOT CORPORATION, a Delaware corporation, )<br><br>ONE GLOBAL FINANCE, INC., a Utah corporation, )<br><br>and )<br><br>TRANSCEND LLC, an Ohio corporation, )<br><br>Defendants. ) | Case No. _____<br><br>2006L013932<br><br>Breach of Contract<br><br>**Damages claimed: $159,032.39** |

### COMPLAINT AT LAW

Plaintiff, Ocean Tomo, LLC (hereinafter, "Plaintiff"), by and through its attorneys, Nery & Richardson LLC, states as follows in support of its Complaint against Simon Property Group, Inc, Wildcard Systems, Inc., FSV Payment Systems, Inc., MBC Direct LLC, Green Dot Corporation, One Global Finance, Inc., and Transcend LLC (collectively, the "Defendants").

## Parties, Venue and Jurisdiction

1.     Plaintiff is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Plaintiff is engaged, inter alia, in the business of providing expert testimony and intellectual property consulting services in connection with litigation throughout the United States.

2.     Defendant, Simon Property Group, Inc., is a Delaware corporation with its principal place of business located in Indianapolis, Indiana.

3.     Defendant, Wildcard Systems, Inc., is, on information and belief, a Florida corporation with its principal place of business located in Sunrise, Florida.

4.     Defendant, FSV Payment Systems, Inc. ("FSV Payment Systems") is a Texas corporation with its principal place of business located in Houston, Texas. On information and belief, FSV Payment Systems, Inc. is the successor in interest to FSV Payment Systems, Ltd.

5.     Defendant, MBC Direct, LLC is a Georgia corporation with its principal place of business located in Houston, Texas.

6.     Defendant, Green Dot Corporation ("Green Dot"), is a Delaware corporation with its principal place of business located in Monrovia, California. Green Dot was formerly known as Next Estate Communications, Inc.

7.     Defendant, One Global Finance, Inc., is a Utah corporation with its principal place of business located in Salt Lake City, Utah.

8.     Defendant, Transcend LLC, is an Ohio corporation with its principal place of business located in Mason, Ohio.

2

9.     This Court has jurisdiction over this cause of action and venue is proper in this Court pursuant to 735 ILCS 5/2-101, 5/2-209(a)(1), 209(a)(7), and 209(b)(4), because this action arises out of Plaintiffs' and Defendants' transaction of business within and making of a contract substantially connected with Cook County, Illinois, and Defendants are doing business in Illinois.

<strong>Factual Summary</strong>

10.     Each of the above-named Defendants, or, in the case of FSV Payment Systems, its predecessor in interest, was a defendant in a case in the United States District Court for the Eastern District of Texas, styled <u>Alexsam, Inc. v. American Express Travel Related Services Company, Inc. et al.</u>, Case No. 03-CV-0337 (hereinafter, "District Court Case").

11.     In or about March 2005, McDermott, Will & Emery, a law firm representing another defendant in the District Court Case, on behalf of all of the Defendants, engaged Plaintiff to act as an expert consultant on behalf of all of the defendants in the District Court Case. A copy of the Defendants' agreement with Plaintiff concerning such engagement is attached hereto as Exhibit A.

12.     A "joint defense fund" was established by all of the defendants in the District Court Case for payment of litigation expenses incurred by all of them, including expert witness and consulting expenses.

13.     In accordance with the parties' agreement, from approximately March 2005 to August 2005, Plaintiff's members and employees worked over one thousand hours on the District Court Case, which time was spent counseling with the numerous

defendants and their representatives, reviewing intellectual property claims, and preparing summaries and reports.

14.    Plaintiff also incurred numerous expenses in connection with their work on the District Court Case.

15.    Plaintiff's work in the District Court Case benefited all of the Defendants, and assisted them in settling the case on favorable terms.

16.    Although some of the Plaintiff's fees and expenses were paid from the joint defense fund, Plaintiff is still owed approximately $159,032.39 for its work in the District Court Case.

## COUNT I - BREACH OF CONTRACT

17.    Plaintiff realleges the facts set forth in Paragraphs 1-16, above as if fully set forth herein.

18.    McDermott, Will & Emery was acting as an authorized agent of the Defendants when it engaged Plaintiff to perform expert consulting work in the District Court Case.

19.    McDermott, Will & Emery's letter to Plaintiff dated March 11, 2005, set forth as Exhibit A, constitutes a valid and binding contract between Defendants and Plaintiff.

20.    Plaintiff acted in reliance on the March 11, 2005 letter when it performed over one thousand hours of work.

21.    In accordance with Plaintiff's standard billing practices, as disclosed in its agreement with Defendants, Plaintiff is still owed approximately $159,052.39 as a result of its work in the District Court Case.

4

22.     Despite repeated demands to do so, Defendants have refused, and continue to refuse, to pay the fees and expenses still owed to Plaintiff.

23.     Defendants have breached their agreement to pay Plaintiff for the work Plaintiff performed.

24.     Pursuant to Section 2-410 of the Illinois Code of Civil Procedure (735 ILCS 5/2-410), Defendants should be held jointly and severally liable for the full amount of damages owed to Plaintiff as a result of Defendants' breach of contract.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, that Defendants be held jointly and severally liable for all amounts owed to Plaintiff, plus prejudgment interest thereon, that the Court award Plaintiff its costs in prosecuting this action, and that the Court award such further and other relief as it deems just.

## COUNT II - QUANTUM MERUIT

25.     Plaintiff realleges the facts set forth in Paragraphs 1-16, above as if fully set forth herein.

26.     Even if Plaintiff did not have a binding agreement with Defendants, Plaintiff performed extensive expert consulting services on behalf of Defendants, from which the Defendants derived substantial benefits.

27.     It would be unjust to allow Defendants to enjoy the benefits of Plaintiff's labors, without payment therefore.

28.     The sum of $159,052.39 is fair and reasonable compensation for Plaintiff's services on behalf of the Defendants.

5

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, that Defendants be held jointly and severally liable for all amounts owed to Plaintiff, plus prejudgment interest thereon, that the Court award Plaintiff its costs in prosecuting this action, and that the Court award such further and other relief as it deems just.

Respectfully submitted,

OCEAN TOMO, LLC

By: _____
One of its attorneys

David Richardson
Nery & Richardson LLC
4258 W. 63rd St.
Chicago, Illinois 60629
(773) 582-7000
Attorney # 42859

6

## AFFIDAVIT RE: DAMAGES SOUGHT

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned attorney certifies and states that the damages sought in this case exceed $50,000.00.

_____

Attorney at Law



EXHIBIT
A

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Margaret M. Duncan
Attorney at Law
mduncan@mwe.com
312.984.6478

March 11, 2005

James E. Malackowski
ICMB Ocean Tomo
20 N. Wacker Drive
27th Floor
Chicago, IL  60606

Re:    Alexsam, Inc. v. FSV Payment Systems Ltd., et al.
       Case No. 2-03CV-337 (TJW)

Dear Jim:

I am writing on behalf of the Defendants in the above-referenced case to confirm that you, as President of ICMB Ocean Tomo ("ICMB"), have been retained as a consulting expert. This agreement is entered into by and between ICMB and each of the following Defendants in this case:

        FSV Payment Systems, Ltd.
        MBC Direct, LLC
        Next Estate Communications, Inc.
        Simon Property Group, Inc.
        Transcend LLC
        Wildcard Systems, Inc.
        Interactive Communications International, Inc.
        One Global Finance, Inc.
        American Express Travel Related Services Company, Inc.
        ITC Financial Services, LLC

The Defendants understand, and request you and ICMB to agree, that your services will be performed in accordance with the following terms and conditions:

    (1)    The services to be performed in connection with this case will be performed personally by you and such other ICMB employees whose assistance you believe is reasonably necessary and who are supervised directly by you;

    (2)    ICMB will be paid your usual rate of $495.00 per hour for the services that you personally perform and the usual rates charged for each employee of ICMB

James E. Malackowski
March 11, 2005
Page 2

      whose assistance is reasonably necessary and supervised by you, plus reasonable
expenses incurred in connection therewith;

(3)    Jerry Beane, John Pinkerton, Frank Smith and I will be your primary contacts on
behalf of the Defendants, and one of us will identify and request any services to
be provided by you;

(4)    ICMB will submit monthly invoices to John Pinkerton containing an itemized
listing of the hours worked on a particular day and a brief description of the
services or tasks performed, together with an itemized list of expenses, and copies
of receipts if requested, and he will then review and approve the invoices for
payment by the Defendants;

(5)    You and ICMB represent and warrant that (a) neither you nor ICMB are a party to
any other existing agreement that would prevent either of you from entering into
this agreement or would adversely affect this agreement and (b) neither you nor
ICMB will engage in any work conflicting with the subject matter of this
agreement for any other person or party; and

(6)    You acknowledge that you have received and reviewed, and agree to comply with
the provisions of, the Stipulated Protective Order, and you have signed and
returned to me a copy of the Undertaking attached to the Protective Order as
Exhibit A.

If you and ICMB agree to these terms and conditions, please indicate that by signing in the
spaces below and returning the signed copy of this letter to me.

Very truly yours,

Margaret M. Duncan

MMD/tob
Enclosure

James E. Malackowski
March 11, 2005
Page 3

**APPROVED AND AGREED TO:**

ICMB Ocean Tomo

By: _____
    James E. Malackowski
Its: _____ President / CEO

_____ James E. Malackowski _____
James E Malackowski

Date: _____ 2-11-05 _____

CH99 4433437-1.037355.0276

Ex. B

*Dorothy Brown*

# Clerk *of the*
# CIRCUIT COURT

### *Cook County*

Case Information Summary for Case Number
2006-L-013322

Filing Date: 12/21/2006
Division: Law Division
Ad Damnum: $159032.00

Case Type: CONTRACT
District: First Municipal
Calendar: V

## Party Information

**Plaintiff(s)**

OCEAN TOMO LLC

**Attorney(s)**

NERY RICHARDSON
LLC
4258 W 63RD STREET
CHICAGO IL, 60629
(773) 582-7000

**Date of
Service**

**Defendant(s)**

FSV PAYMENT SYSTEMS INC

GREEN DOT CORP

MBC DIRECT LLC

ONE GLOBAL FINANCE INC

SIMON PROPERTY GROUP
DELA

TRANSCEND LLC

WILDCARD SYSTEMS INC

**Attorney(s)**

## Case Activity

Activity Date: 12/21/2006             Participant: OCEAN TOMO LLC

### CONTRACT COMPLAINT FILED

Court Fee: 294.00         Attorney: NERY RICHARDSON LLC
Judgment Amount: 159032.00

Activity Date: 12/21/2006             Participant: OCEAN TOMO LLC

### CASE SET ON STATUS CALL

Court Date: 3/20/2007        Judge: MCDONALD, BARBARA A
Court Time: 0915

Activity Date: 12/21/2006             Participant: OCEAN TOMO LLC

### CASE SET ON INDIVIDUAL CALENDAR

Activity Date: 1/11/2007        Participant: SIMON PROPERTY GROUP DEL

### SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Court Date: 1/8/2007
Court Fee: 23.40

Activity Date: 1/11/2007        Participant: TRANSCEND LLC

### SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Court Date: 1/8/2007
Court Fee: 23.40

Activity Date: 1/11/2007        Participant: GREEN DOT CORP

### SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Court Date: 1/8/2007
Court Fee: 70.20

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data

in our master database.

Return to Search Page